**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:16-CV-823-TBR**

TROY PRATHER                                                                                      PLAINTIFF

V.

PEDRO DAVILA, *et al.*                                                                       DEFENDANTS

**SCHEDULING ORDER**

A telephonic scheduling conference was held on February 21, 2017.

APPEARING BY PHONE:
For the Plaintiff:        Damon B. Willis
For the Defendant:   Harlan E. Judd
                                  Brian Darling (for Defendant Emilio Lopez)


**IT IS ORDERED:**

(1)  Disclosures pursuant to Fed.R.Civ.P. 26 (a)(1) shall be completed by **March 1, 2017.**

This case is essentially a traffic accident involving a tractor trailer and a passenger motor vehicle. No formal discovery has taken place to date. **The parties agree that Plaintiff's claims for statutory and common law bad faith against AmTrust North America, and hereinafter collectively described as the ("Bad Faith Claims") should be bifurcated from Plaintiffs' claims for negligence against Defendants, Davila, Marty, Davila Trucking Service, Inc. and Lopez in Plaintiff's Complaint, and hereinafter collectively described as the ("Negligence Claims"), and shall be tried separately pursuant to Fed. R. Civ. P. 42(b).** The parties further agree that all discovery related to Plaintiffs' Bad Faith Claims should be stayed until Plaintiffs' Negligence Claims have been fully adjudicated in this Court, or until otherwise ordered by the Court. In the event it is determined that Defendants Marty and Davila, are obligated to pay Plaintiff in connection with the negligence claims, the parties should revisit the scope of any additional discovery needed in connection with Plaintiffs' Bad Faith Claims, and the scheduling of trial and pretrial deadlines with respect to those claims.

(2) Plaintiff and Defendant should be allowed until **December 1, 2017** to join additional parties and until **March 1, 2017** to amend the pleadings.

(3)  Identify experts in compliance with Fed.R.Civ.P.26(a)(2):
        By plaintiff(s):      **December 15, 2017**
        By defendant(s):   **January 30, 2018**

(4) No later than **December 1, 2017** the parties shall complete all **fact discovery.** No later than **February 1, 2018** the parties shall complete all **expert discovery.** Pursuant to 28 U.S.C. § 636(b)(l)(A) this matter is referred to Magistrate Judge Lanny King for ruling on all discovery motions. No discovery motion may be filed without having a joint telephonic conference with the Judge arranged through his office (270-415-6470).

(5) <u>Telephonic status conference</u> **are set on December 1, 2017 at 12:00 NOON Eastern and on February 15, 2018 at 12:00 NOON Eastern. The Court shall place the call to counsel.**

(6) No later than **February 15, 2018** counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579(1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).* The party filing the last pleading in response to such motions shall notify the Court by email to his case manager Kelly_P_Harris@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision.

(7) The action is scheduled for a **telephonic final pretrial conference on April 27, 2018 at 11:00 a.m. Eastern Time.** The conference will be held telephonically, with the Court placing the call to counsel. Attorneys who will be trying the case shall be available with full settlement authority.

(8) At least 14 days before said conference counsel shall:
    a) File a list of exhibits intended to be used at trial.
    b) Produce for inspection of opposing counsel, marked for identification, all exhibits and charts which will be used at trial.
    c) Comply with Fed. R. Civ. Proc. 26(a)(3) as to witnesses and exhibits.
    d) File any motions in limine **(any responses to motions in limine shall be filed within 7 days).**
    e) File a pretrial brief containing a succinct statement of the facts of the case, the questions of facts and questions of law with citations.
    f) Submit agreed proposed jury instructions. If the parties cannot agree, counsel shall submit proposed instructions with supporting authority.
    g) Submit proposed jury voir dire questions. **The Court shall conduct voir dire**.
    h) Designate portions of depositions to be used at trial. Opposing counsel shall have 5 days thereafter to make additional designations.

In the absence of good cause shown, no witness shall be permitted to testify and no exhibit or testimony shall be admitted into evidence, except upon compliance with the conditions of this order.

Any exhibit or chart so submitted and marked for filing at trial shall be admitted into evidence if otherwise competent, unless written objections are filed at or before the pretrial conference.

 (9) The action is assigned for trial by jury on the **21ST** day of **May, 2018**, at **9:00 a.m.**  Counsel shall appear in chambers at 8:30 a.m.

 (10) At the commencement of trial, counsel shall furnish to the official court reporter a list of pre-marked exhibits intended for use at the trial.

cc: Counsel
  Magistrate Judge Lanny King
  Case Manager

Thomas B. Russell, Senior Judge
United States District Court

February 28, 2017

P | 08